Appeal Nos. 23-1075, 23-1076

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

**In re: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC), et al.,**
**Debtors**

----

TODD STEWART and JENNIFER SAWLE, on behalf of themselves and all
others similarly situated, Appellees

v.

Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC)

ALFRED T. GIULIANO, Chapter 7 Trustee for Debtors, Appellant.

----

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE, CIV. ACTION NOS.
1:22-cv-00450-GBW and 1:22-cv-00489-GBW

----

## APPELLEES' RESPONSE TO COURT'S JANUARY 18, 2023
## ORDER REGARDING JURISDICTION

----

Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302)-388-1944
Email: mjoyce@mjlawoffices.com

Isaac Raisner
René S. Roupinian
Jack A. Raisner
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: isr@raisnerroupinian.com
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for Appellees Todd Stewart and Jennifer Sawle,*
*on behalf of themselves and all others similarly situated*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................1

RELEVANT HISTORY OF THE CASE ...............................................2

ARGUMENT .......................................................................................5

I.    THIS COURT'S APPELLATE JURISDICTION IS LIMITED TO FINAL
      ORDERS OF THE DISTRICT COURT OR PROPERLY CERTIFIED
      INTERLOCUTORY ORDERS .......................................................5

    A.  Final Orders of the District Court Under Section 158(d)(1) ........6

    B.  Properly Certified Interlocutory Orders Under Section 1292 .....14

II.   THE DISTRICT COURT'S ORDER IS NOT FINAL. ................................16

III.  THE DISTRICT COURT'S ORDER IS NOT A PROPERLY CERTIFIED
      INTERLOCUTORY ORDER ......................................................21

CONCLUSION ...................................................................................24

i

# TABLE OF AUTHORITIES

Page(s)

Cases

*Am. Home Mortgage*,
    408 B.R. 42 (D. Del. 2009) ...................................................................23

*Bepco LP v. Globalsantafe Corp. (In re* 15375 Mem'l Corp.),
    No. 06–10859–KG, 2008 WL 2698678 (D. Del. July 3, 2008) ..........................24

*Bullard v. Blue Hills Bank*,
    575 U.S. 496 (2015)...................................................................... passim

*Buncher Co. v. Off. Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*,
    229 F.3d 245 (3d Cir. 2000) .................................................................12

*Comm. of Unsecured Creditors of Life Serv. Sys., Inc. v. Westmoreland Cnty. MH/MR*,
    183 F.3d 273 (3d Cir. 1999) ........................................................ 10, 12

*Connecticut Nat. Bank v. Germain*,
    503 U.S. 249, (1992)........................................................................5

*Costlow v. United States*,
    552 F.2d 560 (3d Cir. 1977) .................................................................23

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
    24 F.4th 242 (3d Cir. 2022) ......................................................... 6, 14

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
    511 U.S. 863 (1994)........................................................................6

*Doe v. Abington Friends Sch.*,
    480 F.3d 252 (3d Cir. 2007) .................................................................23

*Dowling v. City of Philadelphia*,
    855 F.2d 136 (3d Cir. 1988) .................................................................23

*Easom v. US Well Services, Inc.,*
  37 F.4th 238 (5th Cir. 2022) .................................................24

*Easom v. US Well Servs., Inc.,*
  527 F. Supp. 3d 898 (S.D. Tex. 2021) ...............................3, 4

*In re Ferguson,*
  834 F.3d 795 (7th Cir. 2016) ........................................ 18, 20

*In re Aerogroup Int'l, Inc.,*
  No. BR 17-11962 (CSS), 2020 WL 757892 (D. Del. Feb. 14, 2020) ..................16

*In re Am. Cap. Equip., LLC,*
  296 F. App'x 270 (3d Cir. 2008) ............................... passim

*In re AMC Invs., LLC,*
  No. 16-3193, 2016 WL 9412513 (3d Cir. Oct. 19, 2016) ....................................10

*In re Annunziata,*
  778 F. App'x 187 (3d Cir. 2019) ...............................9

*In re Bishop,*
  677 F. App'x 805 (3d Cir. 2017) ..........................10

*In re Cont'l Airlines, Inc.,*
  932 F.2d 282 (3d Cir. 1991) ...................................5

*In re Feldman,*
  685 F. App'x 122 (3d Cir. 2017) ..................... 13, 17, 19, 20

*In re Gugliuzza,*
  852 F.3d 884 (9th Cir. 2017) ....................... passim

*In re Klaas,*
  858 F.3d 820 (3d Cir. 2017) ...................................5

*In re Lindsey,*
  726 F.3d 857 (6th Cir. 2013) ...................................6

iii

*In re Maxus Energy Corp.*,
   49 F.4th 223 (3d Cir. 2022) ...................................................15

*In re Odyssey Contracting Corp.*,
   944 F.3d 483 (3d Cir. 2019) ....................................................9

*In re Porter*,
   961 F.2d 1066 (3d Cir. 1992) .................................................11

*In re Trans World Airlines*, Inc.,
   18 F.3d 208 (3d Cir. 1994) ...................................... 12, 13, 17

*In re Trib. Co.*,
   477 B.R. 465 (Bankr. D. Del. 2012) ............................. 16, 23

*In re Truong*,
   *513 F.3d 91 (3d Cir. 2008)* ......................................... 8, 9, 17

*In re Wohleber*,
   833 F. App'x 634 (6th Cir. 2020) ..........................................18

*Millennium Lab*,
   543 B.R. 703 (D. Del. 2016) ..................................................24

*Official Unsecured Creditors Committee v. Michaels (In re Marin Motor Oil)*,
   689 F.2d 445 (3d Cir. 1982) ..................................................11

*United States v. Nicolet, Inc.*,
   857 F.2d 202 (3d Cir. 1988) ............................................ 9, 17

*Ward v. United States*,
   471 F.2d 667 (3d Cir. 1973) ..................................................23

Statutes

28 U.S.C. § 158 ....................................................... 7, 10, 15
28 U.S.C. § 158(a)(1)-(3) .........................................................7
28 U.S.C. § 158(b) ...................................................................7
28 U.S.C. § 158(d) ......................................... 1, 6, 10, 18
28 U.S.C. § 158(d)(1) ..................................................... passim

28 U.S.C. § 158(d)(2)............................................................ 15, 16, 22, 24
28 U.S.C. § 158(d)(2)(B) ...................................................................23
28 U.S.C. § 1291 ...........................................................................6, 8
28 U.S.C. § 1292(a) ............................................................................14
28 U.S.C. § 1292(b) ...................................................... 14, 16, 21, 22
29 U.S.C. § 2101 .................................................................................2
29 U.S.C. § 2102(b)(2)(A)-(B) ...........................................................2

Rules

Fed. R. Civ. P. 56(d) ...................................................................... 4, 23

Regulations

20 C.F.R. § 639.9(c)(2) ................................................................ 4, 21
20 C.F.R. § 639.9(c)(4) ................................................................ 4, 21

## PRELIMINARY STATEMENT

Alfred T. Giuliano, the Chapter 7 Trustee for Debtors Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC ("Art Van")) et al. and Appellant here (the "Trustee"), appeals from the District Court's Order (Doc. 1-2) (the "Order") (*See also* District Court's Opinion (Doc. 1-3)[1] (the "Opinion"), which in part, reversed and remanded the Bankruptcy Court's decision (Docs. 1-4, 1-5) granting summary judgment to the Trustee on two of his affirmative defenses.  This Court issued an order which stated that the District Court's Order "may not be final within the meaning of 28 U.S.C. § 158(d) or otherwise appealable at this time" and requested briefing of the issue. (Doc. 3).  Appellees Todd Stewart and Jennifer Sawle, on behalf of themselves and all others similarly situated (the "Employees"), file this brief on the jurisdictional issue per the Court's request.

This Court lacks jurisdiction to hear an appeal of the Order for two reasons. First, the Order is not final within the meaning of 28 U.S.C. § 158(d) because it did not end the litigations of the parties' adversary proceeding in the Bankruptcy Court: it reversed summary judgment and remanded to Bankruptcy Court for substantial further proceedings, including discovery and determination of the

---

[1] Citations to "Doc." followed by a number refer to the documents on this Court's docket in this case (No. 23-1075, which has been consolidated with No. 23-1076) by their ECF Document Number.

1

merits. Second, the Order is not otherwise appealable because it has not been certified as an appealable interlocutory order by the District Court.

## <u>RELEVANT HISTORY OF THE CASE</u> [2]

On March 8, 2020, Art Van and its affiliates filed Chapter 11 bankruptcy petitions. (Opinion at 4). On April 6, 2020, the Chapter 11 bankruptcy cases were converted to Chapter 7. (Opinion at 9).

On March 23, 2020, the Employees initiated an adversary proceeding by filing their Complaint alleging that Art Van terminated them without 60 days' advanced notice in violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq*. ("WARN"). (Opinion at 9). On December 10, 2020, the Trustee filed an Answer to the Complaint asserting WARN's unforeseeable business circumstances ("UBC") and natural disaster affirmative defenses (Opinion at 10). *See* 29 U.S.C. § 2102(b)(2)(A)-(B) (providing defense when layoff "is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required" or "is due to any form of natural disaster, such as a flood, earthquake, or the drought currently ravaging the farmlands of the United States.").

---

[2] The facts and proceedings are recited herein as described in the District Court's Opinion.

On November 12, 2021, the Trustee filed a motion for summary judgment on, *inter alia*, the UBC and natural disaster defenses, arguing that the layoffs were caused by the COVID-19 pandemic. (Opinion at 10, 22, 26). The Employees opposed the motion and cross-moved to defer summary judgment because they had not had the opportunity to conduct adequate discovery on the merits of the Trustee's defenses. (Opinion at 10). (The Trustee had produced a total of three largely redacted documents before moving for summary judgment. (Opinion at 29).)

The Bankruptcy Court granted summary judgment for the Trustee on the UBC and natural disaster defenses, finding that the COVID pandemic had caused the layoffs (the only disputed issue under the UBC defense) and that it was a "natural disaster" for WARN purposes. (Opinion at 22, 27). In construing the term "natural disaster" under WARN, the Bankruptcy Court found persuasive the district court's opinion in *Easom v. US Well Servs., Inc.*, 527 F. Supp. 3d 898 (S.D. Tex. 2021), which was later reversed by the Unite States Court of Appeals for the Fifth Circuit, 37 F.4th 238 (5th Cir. 2022). The factual record relied upon by the Bankruptcy Court in granting summary judgment comprised "the facts as agreed to by the Plaintiffs and facts arising from orders and transcripts in this bankruptcy case." (Opinion at 10). The Bankruptcy Court denied the Employees' cross-motion to defer summary judgment for discovery. (*Id.*).

On April 4, 2022, the Employees appealed the Bankruptcy Court's grant of summary judgment on the natural disaster and UBC defenses and its denial of the Employees' cross-motion to defer ruling, to the District Court for the District of Delaware. (*Id.*).

On December 13, 2022, the District Court issued an Opinion and Order reversing the Bankruptcy Court's decision with respect to the natural disaster and the UBC defenses.  (*See generally* Opinion and Order).  First, the District Court held that the COVID-19 pandemic does not constitute a "natural disaster" under WARN, finding persuasive the Fifth Circuit's construction of the statute in *Easom*. (Opinion at 22).[3]  Next, the District Court reversed the Bankruptcy Court's grant of summary judgment on the UBC defense, finding that the Bankruptcy Court abused its discretion in denying the Employees' cross-motion to defer summary judgment under Fed. R. Civ. P. 56(d). (Opinion at 27)  The District Court explained that

---

[3] While the District Court thus found the natural disaster defense unavailable to the Trustee as a matter of law, the District Court also noted the defense's causation element, as elucidated in regulations issued by the U.S. Department of Labor ("DOL"): "[t]o qualify for [the natural disaster] exception, an employer must be able to demonstrate that its plant closing or mass layoff is a direct result of a natural disaster." (Opinion at 21 (quoting 20 C.F.R. § 639.9(c)(2)). "[W]here a plant closing or mass layoff occurs as an indirect result of a natural disaster, the ["natural disaster"] exception does not apply but the "unforeseeable business circumstance" exception ... may be applicable." (Opinion at 24 (quoting 20 C.F.R. § 639.9(c)(4)).  DOL's guidance issued during the pandemic, which the District Court also noted, states that "layoffs related to COVID-19 should be considered under" the UBC defense.  (Opinion at 24 n.6).

"[t]he WARN Act's exceptions are narrow, fact-bound defenses that ask whether the circumstances to which the employer points actually caused the layoffs[.] [W]ithout an opportunity for discovery, employees have no ability to test this crucial question." (Opinion at 28). The District Court remanded "to allow for discovery on the merits of the 'unforeseeable business circumstances' defense[.]" (Order at ¶3).

On January 11, 2023, the Trustee appealed the District Court's Opinion and Order as it pertains to the reversal of summary judgment on the affirmative defenses. (Doc. 1-1 at 3). On January 18, 2023, this Court ordered the parties to brief the issue of jurisdiction. (Doc. 3).

## ARGUMENT

"[B]efore … reach[ing] the merits of" this appeal, this Court "ha[s] an independent obligation to ascertain [its] own jurisdiction." *In re Klaas*, 858 F.3d 820, 825 (3d Cir. 2017) (quoting *In re Cont'l Airlines, Inc.*, 932 F.2d 282, 285 (3d Cir. 1991)).

## I.    THIS COURT'S APPELLATE JURISDICTION IS LIMITED TO FINAL ORDERS OF THE DISTRICT COURT OR PROPERLY CERTIFIED INTERLOCUTORY ORDERS

This Court has jurisdiction to hear such an appeal of the District Court's Order if it is either (1) a final order or (2) a properly certified interlocutory order. *See generally Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–4, (1992)

(noting that "Section 1291 confers jurisdiction over appeals from "final decisions of the district courts" and "Section 158(d)…confers jurisdiction over appeals from final decisions of the district courts" in bankruptcy, and holding that "Section 1292[, which] provides for review in the courts of appeals, in certain circumstances, of '[i]nterlocutory orders of the district courts[]" applies in bankruptcy as well); *In re Lindsey*, 726 F.3d 857, 858 (6th Cir. 2013) ("Congress has set forth two general paths for appealing a bankruptcy decision to a court of appeals. One provides jurisdiction to hear appeals from…final… orders…by district courts[.] The other permits review of interlocutory orders properly certified and accepted.") (citations and quotations omitted).  "Three different jurisdiction-conferring provisions" govern the analysis: 28 U.S.C. §§ 1291 (final decisions generally), 158(d)(1) (final decisions in bankruptcy) and 1292 (interlocutory orders generally).  *In re Gugliuzza*, 852 F.3d 884, 889 (9th Cir. 2017).

### A. Final Orders of the District Court Under Section 158(d)(1)

"The general rule is that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 24 F.4th 242, 249 (3d Cir. 2022) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994).  The courts of appeals thus have jurisdiction to hear "appeals from all **final decisions** of the district courts[.]" 28 U.S.C. § 1291 ("Section 1291") (emphasis added). *See Crystallex*,

24 F.4[th] at 246 ("Our jurisdiction to hear the appeals turns on whether the District Court has reached a final decision.").  The "rule" that "a party can typically appeal as of right only from [a district court's] final decision … reflects  the conclusion that permitting piecemeal, prejudgment appeals … undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (quotations, alterations and citations omitted)

The same rule limiting the appellate court's jurisdiction to "final" district court rulings applies in the bankruptcy context, as set forth in 28 U.S.C. § 158 ("Section 158").  Bankruptcy court rulings, like the one below, follow a two-level appeal process.  The district court performs the first level of review: it may "hear appeals from … final judgments, orders, and decrees" and certain "interlocutory orders of decrees…of bankruptcy judges entered in cases and proceedings." 28 U.S.C. § 158(a)(1)-(3).[4]  The court of appeals performs the second level of review: it "ha[s] jurisdiction of appeals from all **final decisions, judgments, orders, and decrees** entered [by the district courts] under subsection[] (a)[.]" 28 U.S.C. § 158(d)(1) (emphasis added).[5]  In other words, "while the district courts have

---

[4] As an alternative to the district court, Section 158(b) provides first-level review by an appointed bankruptcy appellate panel ("BAP"), which is not relevant here. 28 U.S.C.A. § 158(b).

[5] The court of appeals has the same second-level jurisdiction over appeals from the BAP's decisions entered "under subsection[]…(b)."

jurisdiction to hear interlocutory appeals [from the bankruptcy court] under subsection (a), subsection (d) gives us jurisdiction only over appeals from final orders [of the district court.]" *In re Am. Cap. Equip.*, *LLC*, 296 F. App'x 270, 276 (3d Cir. 2008) (Jordan, C.J., concurring).

Indeed, for this Court to have second-level review jurisdiction, both the bankruptcy court's decision *and* the district court's decision must be final. *See In re Truong, 513 F.3d 91*, 93 (3d Cir. 2008) (per curiam) ("In determine[ing] whether we have appellate jurisdiction over a district court's order in a bankruptcy proceeding, our approach has been to first examine whether the underlying bankruptcy court order is final. If it is, we then examine whether the district court's order is final or appealable.")

There is only a slight difference—immaterial here—between the "final[ity]" of the district court's "decision" outside bankruptcy (for jurisdiction under Section 1291) and its "decision[,] judgment[,] order[, or] and decree[]" inside bankruptcy (for jurisdiction under Section 158(d)(1)). The distinction stems from the fact that a bankruptcy case "involves an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Bullard*, 575 U.S at 501(quotations and citations omitted). To accommodate this reality, Congress provided that, in the bankruptcy context, "final" orders are those that "dispose of discrete disputes within the larger case."

*Id*.  Although sometimes referred to as a "relaxed view" of finality in the

bankruptcy setting (in that it does not require disposition of the bankruptcy case *as*

*a whole*), *see In re Truong*, 513 F.3d at 94, the distinction plays no role here.

Adversary proceedings—like the one at bar —*are* discrete disputes within the

bankruptcy. *Id*. ("[T]he general antipathy toward piecemeal appeals still prevails in

individual adversary actions.")*.*  The appealability of district court orders in an

adversary proceeding is therefore "governed by the ordinary finality precepts of

routine civil litigation."  *Id.* (quoting *United States v. Nicolet, Inc.*, 857 F.2d 202,

206-07 (3d Cir. 1988)).  To wit, "an order in an individual adversary proceeding is

not final unless it ends the litigation on the merits and leaves nothing more for the

court to do but execute the judgment."  *Id.* (quotations and citations omitted).  *See*

*also In re Am. Cap. Equip., LLC*, 296 F. App'x 270, 277 (3d Cir. 2008) (Jordan,

C.J., concurring) ("[T]he same concepts of finality apply in bankruptcy as in any

other case, but they are applied to the discrete controversies within the

administration of the estate."); *In re Odyssey Contracting Corp.*, 944 F.3d 483, 486

(3d Cir. 2019) ("[I]n determining whether an order deciding a specific adversary

proceeding is final, we typically apply the same concepts of appealability as those

used in general civil litigation. … A final judgment is one which ends the litigation

on the merits and leaves nothing for the court to do but execute the judgment."); *In*

*re Annunziata*, 778 F. App'x 187, 189 (3d Cir. 2019)  ("Although we interpret

finality under § 158 somewhat more flexibly, the same [civil litigation] principle

applies to summary judgment orders, like this one, that do not finally resolve a

discrete bankruptcy adversary proceeding").[6]  Indeed, the similarity between

"finality" under Section 158 and Section 1291 often leads this Court to apply them

together in bankruptcy appeals. *See, e.g.*, *In re Bishop*, 677 F. App'x 805, 806 (3d

Cir. 2017) (adversary proceeding) ("We have jurisdiction pursuant to 28 U.S.C. §

158(d) and § 1291."); *In re Am. Cap. Equip., LLC*, 296 F. App'x 270, 273 (3d Cir.

2008) (motion to dismiss bankruptcy) ("We have jurisdiction over this

consolidated appeal pursuant to [Sections]158(d)(1) and 1291.")

---

[6] This Court has occasionally used a multi-factor test for finality in bankruptcy. *See Off. Comm. of Unsecured Creditors of Life Serv. Sys., Inc. v. Westmoreland Cnty. MH/MR*, 183 F.3d 273, 277 (3d Cir. 1999) (assessing "[t]he impact upon the assets of the bankrupt estate, the necessity for further factfinding on remand, the preclusive effects of our decision on the merits of further litigation, and whether the interest of judicial economy would be furthered."). Courts have changed their approach since the Supreme Court refined the finality concept in *Bullard*, where it held that an order denying confirmation of the debtor's proposed reorganization plan was not a "final" order under Section 158. 575 U.S. at 503.  *See In re Gugliuzza*, 852 F.3d 884, 897 (9th Cir. 2017) (*Bullard* "chose not to adopt a case-by-case approach to this issue" or "evaluate whether the appeal of a specific ruling would be efficient in a particular case[.]").

Post-*Bullard*, this Court rarely references its multi-factor "finality" test in the context of an adversary proceeding (instead treating them like ordinary civil litigation, as in the cases above), but when it does, easily finds jurisdiction *not* met. *See In re AMC Invs., LLC*, No. 16-3193, 2016 WL 9412513, at *1 (3d Cir. Oct. 19, 2016).

In a pair of decades-old cases relating to reorganizing debtors, the Court found bankruptcy-specific jurisdiction: *Official Unsecured Creditors Committee v. Michaels (In re Marin Motor Oil)* 689 F.2d 445 (3d Cir. 1982), cert. denied, 459 U.S. 1206-07, 103 S. Ct. 1196 (1983) and *In re Porter*, 961 F.2d 1066 (3d Cir. 1992). These cases are easily distinguished where, as here, the debtor is in liquidation and no threat to a reorganization exists. In *Marin*, the district court simply reversed the bankruptcy court's denial of motion to intervene in a Chapter 11 reorganization. 689 F.2d at 448. In *Porter*, the Court cited *Marin* and found finality in an order in a Chapter 13 reorganization, where "[t]he issues on remand do not appear complex[,] we have no concern about delaying the proceedings here, when trial has already taken place[,] and the parties and the bankruptcy court apparently agree that our hearing this appeal now would be the most efficient course." 961 F.2d at 1073.

As is apparent from the cases cited *supra*, the *Marin/Porter* approach to finality (like the multi-factor test discussed *supra* n.6) is exceedingly rare in this Court. Beyond the recognition that "our decision to assume jurisdiction in *Marin Motor Oil* has … been roundly criticized," *In re Am. Cap. Equip., LLC*, 296 F. App'x 270, 278 n.9 (3d Cir. 2008) (Jordan, C.J., concurring), the Court has found the *Marin/Porter* reasoning inapplicable where, as here, the district court "does not merely affirm or reverse and instead remands the case to the bankruptcy court."

*Off. Comm. of Unsecured Creditors of Life Serv. Sys., Inc. v. Westmoreland Cnty. MH/MR*, 183 F.3d 273, 277 (3d Cir. 1999) (distinguishing *Porter*).

Moreover, "[t]he most important of [the bankruptcy-specific finality] factors is the impact on the bankruptcy estate." *Buncher Co. v. Off. Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d Cir. 2000) (accepting appeal in part "[b]ecause the record from the trial has been fully developed, it appears unlikely that additional fact-finding would be required in the Bankruptcy Court."). Such impact is salient where, for instance, a reorganization is threatened by a delayed appeal. *See also Off. Comm. of Unsecured Creditors of Life Serv. Sys., Inc. v. Westmoreland Cnty. MH/MR*, 183 F.3d 273, 278 (3d Cir. 1999) ("our failure to decide the Creditors' appeal at this time will not prevent the reorganization from proceeding[.] This is in sharp contrast to the decisions in which we upheld our jurisdiction.").

The Employees know of no decisions applying *Marin*/*Porter* in the case of a Chapter 7 liquidation like the one here, as opposed to ongoing reorganization efforts. Even in *In re Trans World Airlines*, Inc., 18 F.3d 208, 217 (3d Cir. 1994), a reorganization case, the Court found that the estate's access to certain funds—the subject of the appealed dispute—did not threaten the reorganization. *Id*. at n.13. Deciding the merits of the appeal would "bypass[] the district court, which in the first instance must determine whether TWA is entitled to [them]." *Id*. 216. That

fact alone "distinguishe[d] th[e] case from other cases in which we have relaxed the finality requirement in bankruptcy appeals." *Id*.  The case was not "rife with special circumstances which bring it outside the general rule[,]" such as where the "district court indefinitely stayed all bankruptcy proceedings pending resolution of an issue that had been pending before a state agency for more than seven years," or "a stay order of indefinite length singling out one claim for extended delay while others of a similar nature were paid." *Id*.

No special circumstances here warrant a departure from the rule, emphasized in case after case since *Marin/Porter*, that typical finality rules govern in adversary proceedings.

In sum, this Court would have jurisdiction over the District Court's Order below if it was "final"—had it ended the adversary proceeding on the merits (which, as discussed *infra* Sec. II, it did not).  *See, e.g.*, *In re Feldman*, 685 F. App'x 122, 124 (3d Cir. 2017) (even where Bankruptcy Court's grant of summary judgment was final, where district court "did not fully and finally resolve [the] adversary proceeding" but rather "remand[ed] to the Bankruptcy Court…[for] additional fact-finding[,]" appeal was dismissed because district court's order was "not a final order pursuant to [Section]158(d)").

## B. Properly Certified Interlocutory Orders Under Section 1292

"Orders that precede a final disposition of claims are…usually interlocutory and unappealable unless Congress says otherwise." *Crystallex*, 24 F.4th at 249.  If the District Court's Order below is not final, but interlocutory, then the only possible basis for this Court's jurisdiction to hear an appeal of that Order is the permissive appeal process under 28 U.S.C. § 1292(b) ("Section 1292(b)"), requiring certification of the Order by the District Court.  *see id.* ("district judge" must "state in writing in [the] order" that the order has certain characteristics). [7] The Trustee has not sought such certification.

Section 1292(b) grants appellate jurisdiction when the district court has certified its interlocutory order as meeting certain requirements and the court of appeals has accepted it for review: the "district judge" must "state in writing in [the] order" that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion *and* that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *Id.* § 1292(b) (emphasis added).  The court of appeals may, "in its discretion, permit an appeal to be taken from such order."  *Id.*

---

[7] Under 28 U.S.C. §1292(a), the Court has automatic jurisdiction over specific types of interlocutory orders which are not relevant here.  *See id.* § 1292(a)(1)-(3) (orders relating to "injunctions, … receivers, … [and] admiralty cases[.]").

Although the bankruptcy-specific Section 158 contains a similar-sounding provision granting the courts of appeals jurisdiction over certain interlocutory orders, *see* 28 U.S.C. § 158(d)(2) ("Section 158(d)(2)"), it is not applicable here: the "interlocutory mechanism is provided in § 158(d)(2) … allows … certif[ication of] a *bankruptcy court's* order to the court of appeals" directly, giving the court of appeals "discretion to hear the matter." *Bullard*, 575 U.S. at 508 (emphasis added). In other words, Section 158(d)(2) provides an alternative to the two-step appeal process of Section 158(a) and (d)(1).  It allows a party under certain conditions to "bypass[] the district court['s]" first-level review, *In re Gugliuzza*, 852 F.3d 884, 891 (9th Cir. 2017), and instead seek a "certified, direct appeal[] …from [the] bankruptcy court['s decision]" to the court of appeals.  *In re Maxus Energy Corp*., 49 F.4th 223, 228 (3d Cir. 2022).[8]  Section 158(d)(2) provides that:

> [C]ourts of appeals may grant litigants leave to appeal *from orders of the bankruptcy court*-including interlocutory orders-if the bankruptcy court, district court, or bankruptcy appellate panel involved, or all the parties to the appeal, certify that (1) the order "involves a question of law as to which there is no controlling decision" or "involves a matter of public importance"; (2) the order "involves a question of law requiring resolution of conflicting decisions"; or (3) an immediate appeal from the order "may materially advance the progress of the case."

---

[8] Section 158(d)(2) provides that when its requirements are met, the court of appeals has "jurisdiction of appeals described in the first sentence of subsection (a)," 28 U.S.C. § 158(d)(2)(A).  The "appeals described in the first sentence of subsection (a)" are appeals from decisions "of bankruptcy judges" that would generally be heard by the district court as a first-level appeal. *See id.* § 158(a).

*In re Am. Cap. Equip., LLC*, 296 F. App'x 270, 276 n.5 (3d Cir. 2008) (Jordan, C.J., concurring) (emphasis added) (quoting 28 U.S.C. § 158(d)(2)(A)). *See, e.g.*, *In re Trib. Co*., 477 B.R. 465, 470 (Bankr. D. Del. 2012) (after entering orders related to confirmation of reorganization plan, bankruptcy court denied "motions seeking certification for direct appeal…to [this Court]"); *In re Aerogroup Int'l, Inc.*, No. BR 17-11962 (CSS), 2020 WL 757892, at *1 (D. Del. Feb. 14, 2020) ("Because Polk 33 has provided no justification for bypassing this Court's intermediate review, the Certification Motion is denied").

Here, the Trustee does not seek a direct appeal of the Bankruptcy Court's decision, so as to trigger Section 158(d)(2).  The Trustee seeks a second-level review of the *District Court*'s Order: that is, the review contemplated by Section 158(d)(1).  Because this is not a case seeking direct review of the Bankruptcy Court's decision, Section 158(d)(2) does not apply.  The only interlocutory appeal available to the Trustee would be through a District Court certification of its Order under Section 1292(b), which the Trustee has neither sought nor obtained..

## II.    THE DISTRICT COURT'S ORDER IS NOT FINAL.

The District Court's Order was not a  "final decision[,] judgment[,] order[, or] decree[]." 28 U.S.C. § 158(d)(1).  A district court's order concerning an adversary proceeding in bankruptcy is only final when it "ends the litigation on the merits and leaves *nothing more* for the court to do but execute the judgment."

16

*Feldman*, 685 F. App'x at124 (emphasis in original) (citing *Truong*, 513 F.3d at 93-94).  Both in this Circuit and others, when the district court does not resolve an adversary proceeding but instead remands it to the bankruptcy court for further non-ministerial proceedings (such as when it vacates a bankruptcy court's grant of summary judgment) it is not "final" for the purposes of Section 158(d)(1).  *See, e.g.*, *Feldman*, 685 F. App'x at 123 (dismissing appeal for lack of jurisdiction where district court vacated bankruptcy court's grant of summary judgment and remanded to the bankruptcy court for "determine[ation] on the merits, through additional fact-finding"; district court's decision was not "final" because it demanded "significantly more of the Bankruptcy Court than executing a judgment or completing ministerial tasks")[9]; *In re Gugliuzza*, 852 F.3d 884, 900 (9th Cir. 2017) (dismissing appeal for lack of jurisdiction where district court vacated

---

[9]  Even under a broader test (which this Court rarely uses in adversary proceedings as noted *supra* Sec. I), there is no reason to find finality here.  Neither the specter of irreversible harm to the estate nor issues peculiar to bankruptcy create urgency for this Court's review.  *See In re Transworld Airlines, Inc.*, 18 F.3d 208, 215-217 (3d Cir. 1994) (district court's order not final where it "d[id] not fully adjudicate a specific adversary proceeding" but rather, "ensured continuation of the controversy" and no record evidence supported the "claimed … substantial and irreparable" harm caused by the district court's order denying the debtor's estate access to certain funds).  *Compare with United States v. Nicolet, Inc.*, 857 F.2d 202, 206 (3d Cir. 1988) (finding finality where district court's order implicated "unique characteristics of the automatic stay" which "cannot be remedied on appeal at the conclusion of the bankruptcy proceeding").  The District Court ordered significantly more fact-finding.  This Court's 2017 decision in *In re Feldman*, cited above, squarely on point. 685 F. App'x at 123.

bankruptcy court's summary judgment ruling, holding that the Supreme Court's decision in "*Bullard* compels the conclusion that rulings in bankruptcy cases that neither end a case nor a discrete dispute, but rather remand for further fact-finding on a central issue, are not final for purposes of § 158(d)."); *In Matter of Ferguson*, 834 F.3d 795, 797 (7th Cir. 2016) (where bankruptcy court ordered "marshalling" of debtor's assets to repay a senior creditor, and district reversed and remanded to the bankruptcy court to "resolve the case without marshalling[,]" appellate court could not hear appeal from district court because, under *Bullard*, "deciding an issue without resolving the underlying dispute … is not final"); *In re Wohleber*, 833 F. App'x 634, 638 (6th Cir. 2020) (dismissing appeal of BAP decision for lack of jurisdiction where bankruptcy court granted summary judgment in adversary proceeding and BAP reversed and remanded "for the completion of the liability phase of the adversary proceeding" because such further proceedings required "additional fact-finding" and were thus not "of a purely ministerial character[,]" and rejecting argument that "finality operates differently in the bankruptcy context") (citations and quotations omitted);

As the Supreme Court succinctly stated in *Bullard*: "[a]n order granting a motion for summary judgment is final; an order denying such a motion is not." 575 U.S. at 506.  Here, the District Court's reversal and remand of the Bankruptcy

Court's summary judgment dismissal order was tantamount to a denial of the

Trustee's motion for summary judgment, leaving no final order below.

The District Court's Order first reversed summary judgment on the Trustee's

asserted natural disaster exception defense.  The District Court agreed with the

Fifth Circuit that, as a matter of law, the COVID-19 pandemic does not qualify as a

WARN "natural disaster." (Opinion at 22).  The District Court next reversed

summary judgment on the Trustee's asserted UBC defense, which the Bankruptcy

Court had granted despite having denied the Employees discovery:

> The WARN Act's exceptions are narrow, fact-bound defenses that ask
> whether the circumstances to which the employer points actually
> caused the layoffs. The Bankruptcy Court denied Plaintiffs' Cross-
> Motion to defer ruling to take discovery on the Trustee's defenses. As
> Plaintiffs and Amici correctly argue, without an opportunity for
> discovery, employees have no ability to test this crucial question. The
> Court agrees that the Bankruptcy Court abused its discretion in granting
> summary judgment under Rule 56 without allowing Plaintiffs to take
> discovery under Rule 56(d).

(Opinion at 28).  The District Court "remand[ed] the case to allow for discovery on

the merits of the [UBC] defense."  (Opinion at 31; *see also* Order at ¶3).

The two holdings that comprise the District Court's Order did not "end[] the

litigation on the merits and leave[] *nothing more* for the court to do but execute the

judgment." *Feldman*, 685 F. App'x at 124.  To the contrary, the Order "demands

significantly more of the Bankruptcy Court[,]" which "must [now] determine…the

merits" of the UBC defense "through additional fact-finding." *Id*. It is the opposite of a final order. *Id.*

The Trustee may suggest that the District Court's ruling on the natural disaster exemption (namely, that the COVID-19 pandemic is *not* a WARN "natural disaster") was a significant, purely legal decision whose resolution by this Court could conclude the litigation. That is both irrelevant to Section 158(d)(1) and, as it relates to resolution of the case, inaccurate.

It is irrelevant because "deciding an issue"—significant or not—"without resolving the underlying dispute" does not make an order "final" under Section 158(d)(1). *In Matter of Ferguson*, 834 F.3d at 797. *See also Bullard*, 575 U.S. at 508 ("Sometimes, of course, a question will be important enough that it should be addressed immediately[.] But there are several mechanisms for interlocutory review to address such cases.")

Moreover, whether *this* Court could theoretically end the litigation has no bearing on the Court's jurisdiction. It is only the finality *of the District Court's* Order that makes it appealable. *See Gugliuzza*, 852 F.3d at 7 n.10 ("*Bullard* could have considered the judicial efficiencies gained had the appellate court taken jurisdiction" and rendered a "favorable ruling[, which] would have concluded the proceedings[,]" but Supreme Court declined to consider that relevant).

Regardless, the litigation would not be resolved by a reversal on the "natural disaster" question.  While the District Court disposed of the natural disaster exception as a legal non-starter, even reversal of that portion of the Order would require more fact-finding.  Just like the UBC defense, which the District Court remanded for discovery on what "actually caused the layoffs," (Opinion at 28), the natural disaster defense (if found applicable) would require the same discovery. *See* 20 C.F.R. § 639.9(c)(2) (layoffs must be "direct result" of a natural disaster."); *Id.* § 639.9(c)(4) (where it is an "indirect result[,]" natural disaster defense not available but UBC may be applicable).

Reversing the District Court's Order on the natural disaster exemption would bring this case no closer to finality.  It would simply revive a potential defense whose resolution requires the same discovery as the Trustee's other defense.  Moreover, were the Trustee to ultimately prevail on its UBC defense, that could render academic a ruling by this Court on the "natural disaster" defense in the present appeal.

## III.    THE DISTRICT COURT'S ORDER IS NOT A PROPERLY CERTIFIED INTERLOCUTORY ORDER

As noted above, the Trustee has not sought certification from the District Court that its Order meets the requirements for permissive interlocutory appeals under Section 1292(b).  Thus, Section 1292(b) does not provide basis for this court's appellate jurisdiction.  *See In re Gugliuzza*, 852 F.3d at 898 (finding no

jurisdiction under Section 158(d)(1) and noting that "we also lack jurisdiction under § 1292 because the district court did not certify its decision for interlocutory review").

Also as noted above, interlocutory review under Section 158(d)(2) is inapplicable here because this is not a direct appeal of "a bankruptcy court's order to the court of appeals. " *Bullard*, 575 U.S. at 508 (emphasis added).  Section 158(d)(2)'s "interlocutory mechanism[,]" *Id.*, is simply not available.  If it were somehow construed as viable here, neither any of the lower courts nor the Employees have certified that any of Section 158(d)(2)'s factors are present, a second procedural bar to this Court's jurisdiction.[10]

Even if the Section 158(d)(2) factors (or the similar factors under Section 1292(b)) were considered, the District Court's Order does not (1) "involve[] a question of law as to which there is no controlling decision" or "a matter of public importance" or (2) "involve[] a question of law requiring resolution of conflicting decisions[;]" nor would (3) an immediate appeal from the order "materially advance the progress of the case." 28 U.S.C. § 158(d)(2)

---

[10] Section 158(d)(2) allows for certification of an interlocutory order by the "bankruptcy court, district court, BAP, or the parties acting jointly." *Bullard*, 575 U.S. at, 508.  "Unlike § 1292(b), which permits certification only when three enumerated factors suggesting importance are all present, § 158(d)(2) permits certification when any one of several such factors exists." *Id*.

First, the District Court's primary holding (and the reason for its remand) was under Fed. R. Civ. P. 56.  It concluded that the Bankruptcy Court abused its discretion in denying the Employees' cross-motion to defer summary judgment under Rule 56(d).  (Opinion at 28).  That holding rested on this Court's Rule 56 precedent.  (*See id.* (citing *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) ("District courts usually grant properly filed Rule 56(f) [now Rule 56(d)] motions as a matter of course"); *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988); *Ward v. United States*, 471 F.2d 667, 670 (3d Cir. 1973) (where moving party controls evidence, motions to continue summary judgment "should, we think, ordinarily be granted almost as a matter of course"); *Costlow v. United States*, 552 F.2d 560, 562–64 (3d Cir. 1977) (citing *Ward* and finding error in lower court's denial of such a motion).

Next, as discussed above, the question whether the purported natural disaster precipitated the layoffs involves a mixture of law and fact.  Hybrid law-and-fact issues do not rise to public importance or warrant direct appeals.  *See In re Tribune Co.*, 477 B.R. 465, 472 (Bankr. D. Del. 2012) (construing §158 (d)(2)(B)) (holding that it is not a matter of public importance when a decision is in line with controlling law in the Third Circuit and remaining issues involve factual matters specific to the case); *Am. Home Mortgage*, 408 B.R. 42, 44 (D. Del. 2009) (mixed questions that implicate the particular circumstances of the case are not pure legal

questions warranting direct certification); *Bepco LP v. Globalsantafe Corp. (In re 15375 Mem'l Corp.)*, No. 06–10859–KG, 2008 WL 2698678, at *1 (D. Del. July 3, 2008) (holding that "factual issues preclude a direct appeal" under 28 U.S.C. § 158(d)(2)).  Issues tied to the facts of a particular case generally do not "transcend" the parties and advance the cause of jurisprudence to an unusual degree. *See Millennium Lab*, 543 B.R. 703, 709 (D. Del. 2016).

Finally, there are no conflicting decisions to be resolved.  The only Circuit that has put forth a decision on WARN's "natural disaster" exemption is the United States Court of Appeals for the Fifth Circuit. *Easom v. US Well Services, Inc.,* 37 F.4th 238, 244 (5th Cir. 2022).  The District Court agreed with the Fifth Circuit's conclusion that COVID-19 is not a WARN natural disaster.  There is no conflict among the circuits that requires frontloading a resolution of this question before it can even be considered on a factual record.

Similarly, an immediate appeal from the District Court's Order will not materially advance the progress of this case, as the same discovery related to the UBC defense—namely, what "actually caused the layoffs" (Opinion at 28)—will need to be conducted as it pertains to the natural disaster exemption.

## CONCLUSION

This Court does not have jurisdiction to hear the Trustee's appeal of the District Court's Order and should dismiss it. [***signature on following page***]

Dated: February 1, 2023                    Respectfully Submitted,

*/s/ Isaac Raisner*
Isaac Raisner
René S. Roupinian
Jack A. Raisner
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: isr@raisnerroupinian.com
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302)-388-1944
Email: mjoyce@mjlawoffices.com

*Counsel for Plaintiffs-Appellees Todd*
*Stewart and Jennifer Sawle, on behalf of*
*themselves and all others similarly situated*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date listed below, a true and correct copy of the foregoing *Appellees' Response to Court's January 18, 2023 Order Regarding Jurisdiction* was served by ECF upon the following:

Jeffrey M. Dine
Bradford J. Sandler
Colin R. Robinson
Peter J. Keane
Beth Levine
**PACHULSKI STANG ZIEHL & JONES LLP**
919 N. Market Street, 17th Floor
Wilmington, DE 19801
jdine@pszjlaw.com
bsandler@pszjlaw.com
crobinson@pszjlaw.com
pkeane@pszjlaw.com
blevine@pszjlaw.com

*Counsel for Appellant Alfred T. Giuliano,*
*Chapter 7 Trustee for Debtors*

DATED: February 1, 2023

*/s/ Isaac Raisner*
Isaac Raisner

## <u>CERTIFICATION OF BAR MEMBERSHIP</u>

I certify, pursuant to L.A.R. 46.1(e) that I am a member of the bar of this Court.

DATED: February 1, 2023

<em>/s/ Isaac Raisner</em>

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with the type-volume limitation set forth in Fed. R. App. P. 32(a)(7).  This brief, beginning with the Preliminary Statement and ending before the signature block, contains 5,932 words.

I also certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

DATED: February 1, 2023

*/s/ Isaac Raisner*

28